Moncure, P.,
delivered the opinion of the court.
The court is of opinion that it appears from the pleadings and the proofs in this case, that at or about the time of the execution of the deed from William Chiles to the plaintiff', Zachariah Jordan, and the defendant, William R. Rhea, bearing date on the 4th day of January, 1842, and duly admitted to record in the clerk’s office of Washington county on the 6th day of that month, of which deed an official copy, marked, “Exhibit A,” is filed with the plaintiff’s bill, there was a parol agreement entered into by and between the said Jordau and Rhea, that the latter should purchase of the former his interest in, or undivided moiety of, the land conveyed to them jointly by the said deed, at its cost price, to wit: the sum of five hundred dollars, the whole cost being one thousand dollars; that it was made a condition of the said agreement by the said Rhea, that he should be able to obtain by purchase the dower interest of Mrs. Chiles in the said land; that *680 on the 18th day of September, 1846, he accordingly obtained by purchase the said dower interest, which, by deed of that date, was relinquished and transferred by her to the said Rhea and Jordan; that the said Rhea was unwilling to go upon the said land and improve it, unless he could purchase the interest of said Jordan therein, which was accordingly agreed to be sold to him as aforesaid; that immediately after the said agreement was made, the said Rhea, under and in pursuance of the same, entered into the exclusive possession of the said land, and remained in such possession either in person or by his tenants, peaceably and undisturbed, without any adverse claim on the part of said Jordan or any other person or persons whomsoever, from the time of the commencement of such possession down to, or shortly before the time of the commencement of this suit in 1870, a period of about twenty-eight years; that during that period, and upon the faith of the said agreement, he expended large sums of money in making improvements on said land, having repaired the dwelling house, made an addition to it, built a store house, smoke house, spring house and barn, repaired all the fencing, made meadows, &c., and he cultivated the said land and received and enjoyed the proceeds thereof, without let or hindrance from any person or persons whomsoever, the said Jordan, though he lived all the time within about a mile of the said land, and had full knowledge of what was going on as aforesaid in regard to the same, never claiming any part of the profits of the said land, or any rent or account of the same, or any interest therein, although he was in limited circumstances and in need of any interest he might have had in the rents and profits of said land; and that the said Rhea, during the said period and *681 long before the institution of this suit, fully paid the purchase money agreed to be paid by him for the interest of the said Jordan in the said land, as the said Jordan has repeatedly admitted to different persons who have testified to that effect in the cause.
The court is, therefore, further of opinion that the whole of the said land, in equity at least, if not at law also, belongs to the said Rhea, that the said Jordan has no interest therein, that he is not entitled to partition thereof, and that his bill therefore, should be dismissed.
The court is further of opinion, that the said Rhea is not only entitled, in equity at least, to the said Jordan’s interest in the said land, but is also entitled to a conveyance of the legal title to the said interest, and might have obtained a decree for such conveyance on a bill for the specific execution of the said agreement, or on a proper cross-bill filed in this suit. And although the cross-bill which was filed in this suit was dismissed as being multifarious; yet the court is further of opinion, that the answer in this case contains all the necessary and proper averments of a cross-bill, and may be regarded as such, and ought to be so regarded for the purpose of doing justice to all parties and making an end in this case of litigation between them on the subject in controversy in the case.
The court is, therefore, of opinion, for the reasons aforesaid, that the decree appealed from, so far as the same is in conflict with the foregoing opinion, is erroneous, and ought to be reversed and annulled, and in lieu thereof, a decree rendered dismissing the plaintiff’s bill, and directing the legal title to the said Jordan’s interest in the said land to be released and conveyed to the said Rhea, so as to in *682 vest him with an absolute title in fee simple to the whole of the said land.
In the argument of this case questions were raised and authorities were cited by the counsel, which we have not deemed it necessary to refer to in detail. The grounds relied on by the plaintiff in resistance of the claim asserted in the answer, are that the claim is. barred by the statute of frauds and perjuries, and that there has not been a sufficient part performance of theparol agreement in the proceedings mentioned to entitle the defendant to specific execution of the said agreement. In the view we have taken of the pleadings and proofs in this cause, and upon the case which is thereby, in our judgment, clearly made out, we think that there can be no doubt that according to all the authorities on the subject, there was a sufficient part performance of the agreement to entitle the parties to a specific execution of the same. Indeed, the performance, on the part of Bheá, was not partial, but complete. It was argued by the counsel for Jordan, that possession is not a sufficient part performance where the vendee is a lessee of, or a joint tenant or tenant in common with the vendor, and that in such case the continued possession after the date of the agreément will be referred to the former title rather than to the parol agreement. If the continued possession stood alone,, perhaps that might be so. But where, as in this case, it is accompanied by clear and positive proof aliundethat the continued possession, if so it can be called, was, in fact, exclusive and not joint, and that many costly improvements were erected by the vendee on the land, there can be no room for doubt on the subject.
The certainty of the terms of the parol agreement in this case, the long lapse of time during which ac *683 tual and exclusive possession was held under it, the number and costliness of the improvements erected on the faith of it, and the full payment of the purchase money, are concurring circumstances which render this a peculiarly strong case for specific execution. Nothing in fact remains to be done to complete the execution but for the vendor to release the legal title tó the vendee, who has already a perfectly equitable title. The ground on which part performance has been held to be sufficient to take a case out of the operation of the statute of frauds and perjuries is, that it would be a fraud on the vendee to permit the vendor after such part performance to take advantage of the statute and deprive the vendee of possession. A statute made to prevent fraud will not be allowed to be perverted to the purpose of perpetrating fraud. That reason plainly and strongly applies to this case.
The law on the subject of specific execution of parol agreements for the sale of land is well collected in the hooks referred to by the learned counsel. 1 Story’s Eq. Ju. §§ 760-787; Hilliard on Yendors, chap, ix., on “part performance.” We have examined what is said in these books on the subject and find nothing in it which is at all in conflict with the foregoing opinion. We have also read again the case of Anthony v. Leftwich, 3 Rand. 238, referred to by the counsel on both sides, and if it does not fully sustain what we have said, it is not at all in conflict therewith. See also 2 Minor’s Institutes, 2d edition, pp. 771-775, referred to in the argument; and Lester v. Foxcroft, &c. Leading cases in equity, vol. 1, part 2, p. 1207, (edition of 1876), and notes. Other books might be cited to the like effect, but it is unnecessary, and they are not now at hand. Those above referred to are at hand, and are sufficient for the purpose. In the opinion of this *684 court, delivered by Judge Christian, in a recent case, which has since been very often cited, and was cited by the counsel in this case, Wright v. Pucket, 22 Gratt. 370, there is a concise and perspicuous summary of the law in regard to the doctrine of part performance of contracts concerning real estate. The decision of the present case will be found to be perfectly consistent with the doctrine as there laid down.
The decree was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the appellant Ehea is not only entitled, in equity at least, to the appellee Jordan’s interest in the said land, but is also entitled to a conveyance of the legal title to the said interest, and might have obtained a decree for such conveyance on a bill for the specific execution of the said agreement, or on a proper cross-bill filed in this suit. And although the cross-bill-which was filed in this suit was dismissed as being multifarious, yet the court is further of opinion, that the answer in this case contains all the necessary and proper averments of a cross-bill, and may be regarded as such, and ought to be so regarded for the purpose of doing justice to' all parties, and making an end in this case of all litigation between them on the subject of controversy in the ease.
The court is therefore of opinion, that the decree appealed from, so far as the same is in conflict with the foregoing opinion, is erroneous; and it is decreed and ordered that the same be reversed and annulled, and that the appellee pay to the appellant his costs by hiin expended in the prosecution of his appeal aforesaid here. And this court proceeding to render such decree as the circuit court ought to have rendered, in *685 lieu of so much of the decree as is reversed as aforesaid, it is further decreed and ordered, that the original hill of the plaintiff in the court below, Jordan, be dismissed, and that he. pay to the defendant Rhea his costs by him about his defence in that court expended. And the court proceeding to treat the answer of the said defendant as a cross-bill for the specific performance of the parol agreement in said answer mentioned, it is further decreed and ordered that the said Jordan by deed duly executed and acknowledged by him for record, release and convey all his interest in the land in the original bill mentioned to the said Rhea.
Which is ordered to be certified to the circuit court of Washington county.
Judgment reversed.