Christian, J.
The first question we have to determine in this case is a question of jurisdiction.
Rid the circuit court of the city of Richmond have the jurisdiction to hear and determine the matters set forth in the original bill ?
The circuit court of the city of Richmond is different from the other circuit courts of the state—a court of limited jurisdiction.
It has no chancery jurisdiction, (there being created by statute a separate chancery court for the city of Richmond), except “in suits in which it may be necessary or proper to make any of the following public officers a party defendant as representing the commonwealth, to-wit: the governor, attorney-general, treasurer, register of the land office, or either auditor; or in which it maybe necessary or proper to make any of the following public corporations parties defendant, to-wit: the board of the literary fund, board of education, board of public worlcs, or any other public corporation composed of officers of government, of the funds and property of which the commonwealth is sole owner, or in which it shall be attempted to enjoin or otherwise suspend or affect any judgment or decree in behalf of the commonwealth, or any execution issued on such judgment or decree.” Sess. Acts, 1869-70, pp. 42, 48.
By this provision of the statute it is plain, that while the circuit court of the city of Richmond has no chancery *415 jurisdiction outside of the specific powers indicated therein, yet, within these limits thus defined by the statute law, it has the same and equal powers with those of the other circuit courts of this state in respect to the jurisdiction of chancery causes; audit is equally plain that with respect to the before-mentioned classes of cases and persons the said circuit court of the city of Richmond has exclusive jurisdiction, even in a chancery cause, which is withheld from all the other courts of the commonwealth.
In other words, by fair interpretation of the statute law, whenever one of the persons or classes named in the statute shall be a necessary or proper party, the circuit court of the city of Richmond has, whether it be in a common law or chancery cause, not only original but exclusive jurisdiction.
In order, therefore, to determine whether the circuit comí of the city of Richmond had jurisdiction to entertain the original bill of the plaintifis in this cause, it is only necessary to inquire whether the board of public works was a necessary or proper party to that suit.
It appears from an examination of- this record and the acts of assembly, that in the year 1843 the state held $160,000 of common stock in the Petersburg railroad company, and wras a creditor of the company for $150,000 of principal money loaned, and $13,500 interest in arrear.
On the 25th March, 1843, an act was passed by the general assembly increasing the capital stock of the company to the extent of its debt to the state, and authorizing the board of public works to subscribe the amount of this debt to the stock of the company upon certain conditions. These conditions required a mortgage to be executed creating the first lien on the entire property of the company and all its net income, conditioned to pay the amount of the then debt of the state in full whenever the *416 company should fail to pay dividends of three per cent. Pef annum on all the stock of the state in the company. The act further required the officers of the company to ge^ apart ou^ 0f p-g gross receipts the amount of this three per cent dividend, and to pay the same into the treasury of the state to the credit of the board of public works. On default of such payment there is reserved, by the terms of the act, tire right to the state to obtain judgment, on thirty days’ notice, for the same; and .furthermore, the president, directors and treasurer of the company are made liable for such default in the penalty of $1,000 each, recoverable by the board of public works on ten days’ notice. See Sess. Acts 1842-43, pp. 71, 72.
On the 26th of January, 1850, an act was passed authorizing the state to guarantee the payment of certain bonds of the city of Petersburg to the amount; of $323,500 (see Sess. Acts, 1849-50, p. 57); and as indemnity against any loss which might result to the state in consequence of such guaranty, the said city of Peters-burg pledged and mortgaged to the board of public works 3,235 shares of the capital stock of tire Petersburg railroad company (Ho. 743, and dated-7th May, 1849).
' It appears from the record that of the shares of stock in the Petersburg railroad company owned by the city of Petersburg and sold by said city to the appellant, Reuben Ragland, 3,235 shares had been pledged or mortgaged to the board of public works to indemnify the state for any loss it might sustain in consequence of its guaranty of the bonds of the city of Petersburg. The state was, therefore, doubly interested in any suit affecting the disposition of the stock or franchises of the company. First. Because by the act of-25th March, 1843, it retained a lien upon the entire property of the company and its net earnings, conditioned to pay its then debt whenever there was a failure to pay a dividend of three per cent, per annum on *417 all the stock the state held, which was to be paid semiannually out of the gross receipts; and second, because the larger part of the stock sold to Ragland by the city of Petersburg was pledged to indemnify the state against any loss it might sustain in consequence of the guaranty by the state of the bonds of said city. In both cases the hoard of public works, standing towards the 'state and the railroad company and the city of Petersburg in the position of mortgagee, was a necessary and proper party.
As to the character of this stock, as well as to its disposition and sale, the state had a certain and valuable interest, and the board of public works, as the representative of the state, charged with certain duties and responsibilities prescribed by the statutes referred to, was a necessary and proper part}'.
The court is therefore of opinion that the original bill in this suit was properly filed in the circuit court of the city of Richmond, and that there was no error in the refusal of said circuit court to dismiss the same for want of jurisdiction.
This disposes of the question of jurisdiction.
The circuit court, however, after asserting, as we think, properly, its jurisdiction to entertain the plaintiff’s bill, dismissed the bill upon certain grounds not necessary to he considered by this court, because from that order there is no appeal, and of that action of the circuit court there is no complaint here.
But it is insisted by the learned counsel for the appellants here, that the dismissal by the circuit court of the original bill necessarily carried with it a dismissal also of the cross-bill (so-called) filed by the appellant, Reuben Ragland; and it is insisted that it was error in said circuit court in not dismissing both bills, instead of making a decree upon the issues made by the cross-bill. The bill filed by Ragland (called in the proceedings a *418 cross-bill), was filed for a twofold purpose; first, to restrain and enjoin the city of Petersburg from instituting suit upon a certain promissory note for the sum of $249,982,, executed by him, with others as Ms sureties, for 3,500 shares of stock in the Petersburg railroad company, sold to him by said city, upon the alleged ground that by express covenant of said - city with him, said city had agreed not to demand or require payment of the principal of said debt so long as said stock, or the greater part thereof, should continue to be held by him; and second, to enjoin and restrain the said city of Petersburg from selling said stock winch had been hypothecated as collateral security for the payment of said note, until it should be determined what was the character and nature of the-3,235 shares of stock sold and now held by said city as collaterals (above referred to), whether the same was common stock or guaranteed and preferred stock.
The formal prayer of the bill (after convening all the parties interested) was to enjoin and restrain the city of Petersburg both from instituting suit on said note and from selling said stock; and the court was asked to-enter its decree “ determining and establishing the true character and status of the aforesaid 3,235 shares of stock, and what are the rights and privileges, preferences and advantages appertaining and belonging thereto, and what are the rights and duties of the holders and owners of said 3,235 shares of stock, and of the Petersburg railroad company and its officers and agents in respect to the same.”
. An injunction was awarded in accordance with the prayer of this bill filed by Ragland, and after protracted proceedings and most voluminous depositions, the circuit court determined and adjudicated the very points submitted to it by said bill and proceedings under it.
*419 It is now insisted by Ragland, who filed this hill asking for an adjudication of these questions, and who, of all the parties, is the only appellant, that the circuit court erred in not dismissing his bill at the same time the original bill was dismissed.
In other words, after invoking and receiving the extraordinary jurisdiction in his behalf of said circuit court by way of injunction, and asking the adjudication of the court upon the questions he submitted to it in his bill, he now insists the court had no jurisdiction to pass upon the questions submitted alone by him, and that the dismissal of the original bill carried with it the dismissal of his cross-bill also.
The court is of opinion, that the dismissal of the original bill in this case did not carry with it necessarily a dismissal also of the cross-bill. Indeed it would have been error to have dismissed the latter bill without adjudicating the questions therein submitted to the court.
Whether the bill filed by Ragland be regarded simply as a cross-bill, or as a cross-bill in the nature of an original bill, the circuit court had jurisdiction to pass upon and adjudicate the questions submitted to it in that bill, and to retain it for that purpose after the dismissal of the original bill; and such dismissal did not oust said court of its jurisdiction. A cross-hill is generally brought for one of two purposes, either to obtain a necessary discovery of facts in aid of the defense to the original bill, or to obtain full relief to all parties touching the matters of the original bill. A cross-bill is also necessary to enable a defendant to have a decree against a co-defendant. Story’s Eq. PI. §§389, 392. In 2 Barb. Ch. Pract., p. 129, itissaid: “ The connection of the matter of across-bill, be it per se legal or equitable, with the subject matter of the original bill, gives the court jurisdiction of the cross- *420 bill, 'of which it cannot he ousted by a dismission of the . . , , „ original bill.
A cross-bill is proper whenever the defendants, or any Qr gp-pgj, 0f them, have equities arising out of the subject matter of the original suit which entitle them to affirmafive relief which they cannot obtain in that suit. See Jones v. Smith, 14 Illi. R. 229; Clay v. Wickliffe, 1 Dana R. 589. A cross-bill is always necessary when the defendant is entitled to some positive relief beyond what the scope of the complainant’s suit will afford him. 2 Barb. Ch. Pr. 129; Brown v. Story, 2 Paige R. 594. The affirmative relief sought by Eagland, one of the defendants in the original bill and the sole plaintiff in cross-bill, was to enjoin the sale of the stock which he had hypothecated as collateral security with the city of Peters-burg, at least, until the character of that stock as “ preferred” or “common” stock could be determined by adjudication of the court. This was so connected with the matter of the original bill as to be a proper subject of a cross-bill, but at the same time a matter of which the jurisdiction of the court could not be ousted by a dis-mission of the original bill.
It is insisted, however, by one of the learned counsel for the appellees, that the city of Petersburg, whom the plaintiff in the cross-bill seeks to enjoin, was not a party to the original bill, and that indeed the so-called cross-bill must be treated as an original bill, and has none of the features of a cross-hill, because it makes new parties and introduces new and independent matter. It is true that in the original bill the city of Petersburg is not formally made a party defendant and called upon to answer-; but the city of Petersburg does come in and answer the bill. "Whether it filed a formal petition, as it might have done, and asked to be made a party to a suit in which its interest were so vitally affected, the record does not dis- *421 dose; but the record does show that an answer to the original bill was filed by the city of Petersburg, and that the case was brought on to be heard, among other papers in the cause, upon the answer of the-city of Petersburg, and throughout the case was treated as a party to the suit. But conceding that Kagland’s bill must be held to be an original bill, and not a cross-bill; still,in the view we take of the case, the circuit court of the city of Biehmond had jurisdiction of the cause.
The argument is that if the bill be treated as an original bill at the time it was filed, the state of Virginia had parted with her interest in the stock in question, having released it in favor of the city of Petersburg, and that therefore the board of public works was not a proper or necessary party; and that there was nothing left to which the jurisdiction could attach.
It is true that the state had in October, 1873, released its mortgage on the stock which was pledged by the City of Petersbnrg on the 27th of May, 1850, to indemnify the state against any loss it might sustain in consequence of its guarantee of the bonds of said city; but it is also true that the state held a mortgage “ on the whole property, real and personal, of which the Petersburg railroad company were the owners,” authorized and required to be taken by the board of public works under the act of March 25th, 1843. At the time of the filing of Bag-land’s bill, whether there was a subsisting mortgage in favor of the state or not, the state being the mortgagee in a mortgage executed as directed by the board of public works, and whether it had been released or not, it was still a question in which the state was interested, and the board of public works was therefore a “necessary and proper party.”
The court is therefore of opinion that the circuit court of the city of Bichmond had jurisdiction to determine *422 and adjudicate tlie questions raised in the cross-bill filed by Reuben Ragland, and that the dismission of the original bill by the court did not oust the jurisdiction of the court as to the matters presented by the cro.ss-bill.
It is a noteworthy fact, and one to us incomprehensible, that of all the parties to the original and cross-bills, the only one who now questions the jurisdiction of the circuit ccurt is the party who came into that court invoking its jurisdiction for relief, and asking its protection by way of injunction, and a determination of the character of the stock before it should be sold to prevent a sacrifice, now when the injunction has been awarded, and the very question submitted by his bill has been adjudicated, objects that the court was without jurisdiction, and that it was error in the court below not to have dismissed his own bill.
"We think the circuit court was right in retaining the cross-bill and adjudicating the questions raised by it. All the parties interested were before the court. It had jurisdiction of the subject matter and the parties. It ought not, after protracted and costly litigation, to have dismissed the cross-bill and turned the parties over to another tribunal to litigate the same questions. In furtherance of a favorite maxim of courts of equity, it ought to have put an end to the litigation between the parties, having all the parties before it and doing justice to all. See Rhea v. Jordan, 28 Gratt. 678; Mettart v. Hagan, 18 Gratt. 231; Ctarke v. Long, 4 Rand. 452.
The court is further of opinion that there is no error in the decree of the circuit court in dissolving so much of the injunction order as enjoins and restricts the city of Petersburg from further poseeution of the action of debt brought by said city of Petersburg as plaintiff, aud now pending m the hustings court of the city of Peters-burg against Reuben Ragland, Lancaster, Brown & Co., *423 T. T. Broocks, S. A. Plummer and "William B. Mallory, defendants, and also from instituting or prosecuting any other action or suit whatever upon the promissory note for two hundred and forty-nine thousand nine hundred and eighty-two dollars, executed by Reuben Ragland and others, as his sureties, to the city of Petersburg, in part payment for the thirty-five hundred shares of the stock of the Petersburg railroad company held by said city as collateral security for said note. And this court concurs with the circuit court of the city of Richmond in the opinion that the thirty-two hundred and thirty-five shares of the capital stock of the Petersburg railroad company, in the bill and proceedings mentioned and embraced in certificate number seven hundred and forty-three, issued by.said company, and now held by said city as collateral security for the note of said Ragland and others, and which was derived originally from the state of Virginia, ‘is entitled to a dividend of one and one-half per cent, per share semi-annually, to be paid out of any earnings of the said company, and that in the event of any semiannual dividends being declared upon the common stock ■of said company exceeding said one and one-half per cent, the said stock is entitled, in addition to said one and one-half per cent chargeable upon the gross earnings of said company, to receive out of the net earnings of said company a sum sufficient to make its aggregate dividend equal to that received by other stockholders, and that in ease of default of the company to pay said one and one half per cent semi-annually, the board of public works may be required to foreclose the mortgage made to secure said payment and to realize by a sale of the cor porate property in said mortgage mentioned the sum ox •one hundred and sixty-three thousand five hundred dol lars, to be divided ratably among the holders of the said *424 thirty-two hundred and thirty-five shares of the said stock.
This court, adopting the views of the said circuit court . expressed in the clear and able opinion filed with the record in this cause, is of opinion that there is no error in the decree of the said circuit court, and that the same he affirmed.
Staples and Burks, J’s, concurred in the opinion of Christian, J.
Decree affirmed.