*Richmond.*

STEWART & PALMER v. THORNTON AND ALS.

January 20.

The county school boards are by act of assembly constituted a corporation, and a suit to recover a fund belonging to the corporation must be brought in its corporate name. A suit by persons styling themselves the directors of the county school board of their county cannot be maintained.

The whole question in this case decided by this court was, whether the appellants were authorized to bring the suit in their names. It was a bill filed in the circuit court of Fauquier county, brought by W. W. Thornton and eighteen other persons, in which they state that they constitute the county school board of the county of Prince William, with Wm. W. Thornton as its president, and they seek to subject a tract of land in the county of Fauquier, now owned by the defendants Stewart & Palmer, to satisfy the interest on a sum of money bequeathed some time previous to the year 1790, by Samuel Jones, to be put at interest on real estate by the vestry of Dettinger's parish, and applied to the education of the poor children in 1790 by the overseers of the poor of the county, and which had been lent to Cuthbert Bullitt, who subjected the land then owned by him, but now owned by said Stewart & Palmer, to a yearly rent charge of forty-four pounds, five shillings, to be paid to the said overseers.

Stewart & Palmer demurred to the bill, and also answered. There was a decree in favor of the plaintiffs, and

the defendants obtained an appeal. The case is stated by Judge *Burks* in his opinion.

*Wm. J. Robertson,* for the appellants.

*E. Hunton,* for the appellees.

BURKS, J., delivered the opinion of the court.

If this is to be considered as a suit by the appellees, W. W. Thornton and others, individually, it cannot be maintained. The whole record shows that they have no such interest, legal or equitable, in the subject matter of controversy as entitles them to the relief prayed. If there be any person or persons entitled to such relief on the case presented, it is not the appellees, but "the county school board of Prince William county." This board is duly incorporated by an act of the general assembly, which provides that "the county superintendents of schools of each county of the State, or, in case there are two in a county, both of such superintendents, together with the district school trustees in each county, including those in cities of the second class, for certain purposes hereinafter specified, constitute a body corporate under the style of ' the county school board' of —— county, and may, in its corporate capacity, sue and be sued, contract and be contracted with, and take, hold and convey property." (Acts 1871–72, ch. 107, § 1, p. 81 ; Code of 1873, ch. 78, § 15).

When the rights and interests of a corporation are involved, they can be asserted and enforced by the corporation only—in its corporate capacity and in its corporate name—unless the act of incorporation or some statute otherwise provides, as we infer from the report was the case in *Dart* v. *Houston,* 22 Geo. R. 506, cited and relied upon by counsel of the appellees. See also *Maurey* v. *Motz,* 4 Iredell (Eq.), 195.

There is no doubt about this. It is said to be "a rule as old perhaps as the earliest laws forming or authorizing the formation of corporations, that a corporation must sue and be sued by its corporate name." Like a natural person, "it is recognized in law only by its name, and in its corporate capacity, rights and liabilities, it is as distinct from the persons composing it as an incorporated city is from an inhabitant of the city." *Curtiss* v. *Murry*, 26 Cal. R. 633. See also *Porter* v. *Nekervis*, 4 Rand. 359; *Bank of Virginia* v. *Craig*, 6 Leigh, 399; *Tompkins* v. *Branch Bank*, 11 Leigh, 372; *Mason* v. *Farmer's Bank*, 12 Leigh, 84; *Wilson* v. *Trustees of No. 16*, 8 Ohio, 174, 179.

And the same rule prevails in courts of equity as in courts of law. 2 Blatchf. (C. C.), 343.

The county school board of Prince William county being the only person competent to institute and prosecute a suit upon the case presented by the record, the question is, whether this is a suit by that corporation. This question can be answered only by an inspection of the record.

The summons commencing the suit is to answer a bill in chancery filed, *not* by the county school board of Prince William county, but by W. W. Thornton and eighteen other persons severally named, "*constituting* the county school board of Prince William county." Looking to the bill, we find it is not a bill by the corporation, nor in its name, but by and in the names of those who are members of the corporation. They are the complainants. They are so represented (under the description "your orators") in the very commencement of the bill and throughout. It begins thus: "Your orators, W. W. Thornton (and others named), would most respectfully represent to your honor that," &c., and each and every succeeding allegation and also the prayer for process and for relief are by the same individual complainants. There is not a single allegation or representation by the corporation in the whole bill. It is true,

VOL. LXXV—28.

that the complainants allege that *they* "*constitute* the county school board of the county of Prince William, with W. W. Thornton as its president," and that "as such county school board, *they* succeeded to the rights of all property, real or personal, donated or held by any person for the benefit of public free schools," &c., &c. But these allegations only serve to show that the complainants supposed, erroneously, that because they were the members of the board, therefore they had the right as *such members* to institute and prosecute a suit in their own names for the maintenance and enforcement of the rights of the corporation. This is not a bill brought *by* a corporation, setting out the names of the corporators. Such a bill might doubtless be maintained, treating the designation of the component members as merely descriptive of the corporation, the real complainant. But it is a suit by the individual members of the corporation, which is a very different thing from a suit by the corporation itself.

In the orders entered at rules, the clerk treats Thornton and others as the complainants. The answer of the defendants is to a bill filed by Thornton and others, "composing the county school board of Prince William county," and the learned judge, in the decree appealed from, describes the bill as "the bill of the *plaintiffs*," and directs a sale "unless the defendants or some one for them shall, within sixty days from this date, *pay to the complainants* the said sum of 885 pounds," &c.

So it is perfectly manifest from this whole record that this a suit not by the corporation, nor in its name—it is not a party—but by Thornton and others, standing upon the record as appellees here, who were members of the board, and acted under the erroneous impression that because they were such members they could maintain the suit in their own names.

It was under a like erroneous impression that the suit

in *The People* v. *Fulton*, 11 N. Y. Rep. (1 Kernan), 94 (cited in argument), was instituted by certain persons in their own names as trustees of a religious society, instead of in the corporate name of the society, which was incorporated under the laws of New York, to recover the possession of property belonging to the society. In delivering the opinion of the court, Judge Denio said, "Incorporated religious societies are aggregate corporations, and whatever property they acquire, whether it be real or personal, is vested in interest in the body corporate; and while the officers have it under their control or dominion, whatever possession they have is the possession of the artificial person whose agents they are. Although called trustees, they do not hold the property in trust for the corporation or the religious society. The name is simply the title of their office, and their position respecting the corporate property would be the same if they were denominated directors or managers. Their right to intermeddle is an authority, and not an estate, or title. They have no other possession than the directors of a bank have of the banking house. This would be so *upon general principles relating to the legal nature of corporations,* apart from the particular language of the act concerning religious corporations. By the 4th section of that act, however, the trustees are in terms authorized by their corporate name and title 'to hold and enjoy,' among other things, all churches and meeting-houses, and all estates belonging to the society, as well as to sue and be sued."

With this accords *Bundy* v. *Birdsall*, 29 Barb. R. 31.

The case of *Bartlett and others* v. *Brickett*, 14 Allen R. 62, is another illustration. An action of replevin was brought in the names of certain individuals, described as "The Trustees of the Ministerial Fund in the North Parish of Haverhill." In subsequent portions of the writ they were referred to as "the said trustees" and "the said plaintiffs."

The replevin bond described them in the same way as they were described in the writ, and was signed by them individually with separate seals. Other papers in the cause referred to them in a similar manner. There was a corporation under the name of "The Trustees of the Ministerial Fund in the North Parish in Haverhill." It was held that the action was not brought in the name of the corporation, and therefore could not be maintained.

Speaking for the court, Judge Hoar said, "There is nothing in the suit to indicate that the plaintiffs were a corporation, or that any corporation was a party to the suit. The plaintiffs are severally named, with their place of residence. It is true they are described as the trustees of a ministerial fund, and that the corporate name of the body owing the fund was shown at the trial to be 'The Trustees of the Ministerial Fund' mentioned in the writ. But they are afterwards spoken of as 'the said trustees' and as 'the said plaintiffs.' There is nothing upon which judgment could be rendered against the corporation. * * * * We have no doubt that the plaintiffs did not intend to prosecute the suit in the name of the corporation, but brought it inadvertently in their own names."

*Brittain* v. *Newland*, 2 Dev. & Batt. R. 363, was an action by certain persons in their proper names, describing themselves as the president and directors of "The Buncombe Turnpike Company," and a section of the act of incorporation authorized the president and directors to demand and receive tolls. Daniel, J., speaking for himself and his associates Ruffin and Gaston, said, "We think this section only constituted the president and directors agents for the corporation, for the objects there mentioned. It does not authorize them *to sue for the tolls in their own names*, although they should make the addition to their names in the writ that they were the president and directors of 'The Buncombe Turnpike Company.' The suit should have been

brought *in the name of the corporation*, and to answer 'The Buncombe Turnpike Company.' The defendant, if he owed at all in the supposed case, owed no one else."

The conclusion we have reached, which could not be avoided without an utter disregard of the most essential principles of equity pleading and practice, is that the demurrer to the bill should have been sustained; and as the sole complainants had no interest in the subject matter of the suit, the bill was not amendable by the substitution of the corporation as complainant, and should therefore have been dismissed. *Bradley* v. *Amidon*, 10 Paige R. 235, 237; *Lemon, Guardian*, v. *Hansbarger*, 6 Gratt. R. 301; *Sillings and others* v. *Bumgardner, Guardian*, 9 Gratt. 273.

Of course the dismissal of the bill will be without prejudice to the right of "the county school board of Prince William county" to institute any proper suit which that corporation may be advised to bring touching the subject matter of this suit.

It would seem, from the arguments of counsel, that this case has perhaps not been fully developed on the merits, and we are therefore the better satisfied with the disposition which has been made of it. The ends of justice will probably be attained with more certainty on a new bill by the proper party.

The decree was as follows:

This day came again the parties, by their counsel, and the court, having maturely considered the transcript of the record of the decree aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said decree is erroneous; therefore, it is decreed and ordered, that the said decree be reversed and annulled, and that the appellants recover against the appellees, W. W. Thornton and others, their costs by them

expended in the prosecution of the appeal aforesaid here; and this court, now proceeding to render such decree as the said circuit court ought to have rendered, it is further decreed and ordered, that the demurrer of the defendants to the complainants' bill be sustained, that the said bill be dismissed, and that the defendants recover against the complainants, W. W. Thornton and others, their costs by them expended in the defence of this cause in the said circuit court; but this decree is without prejudice to the right of the county school board of Prince William county to institute and prosecute in its corporate name and capacity any proper suit the said corporation may be advised to bring touching its rights and interests in the subject matter involved in this cause; which is ordered to be certified to the said circuit court of Fauquier county.

DECREE REVERSED.