## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## Western State Hospital v. General Board of State Hospitals for the Insane.

### March 9, 1911.

1. Circuit Court of Richmond City—*Jurisdiction.*—The Circuit Court of the city of Richmond has no equity jurisdiction except such as is conferred upon it by statute.

2. Insane Persons—*State Hospitals—General Board—Corporations—Governmental Agencies—Suits Against—Jurisdiction of Circuit Court of Richmond.*—The special boards of the several State hospitals for the insane are expressly made bodies corporate by statute, and though the general board of directors for State hospitals for the insane is not expressly declared to be a body corporate, it is necessarily so by implication. Both are public corporations, created and existing for purely governmental purposes, and as mere agencies of the State, · and neither clauses five and six of section 3214 of the Code, nor section 3216 confers jurisdiction on the Circuit Court of the city of Richmond to entertain a suit brought by one against the other.

3. Hospitals for Insane—*General Board—Suits Under Clause Six of Section 3214 of Code.*—While the general board of directors of State hospitals for the insane may very properly be regarded as a *quasi* corporation, and existing for purely governmental purposes, it cannot be brought within the category of "public corporations, composed of officers of government, of the funds and property" of which the Commonwealth is sole owner, referred to in clause six of section 3214 of the Code.

Appeal from a decree of the Circuit Court of the city of Richmond. Decree for defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Timberlake & Nelson,* for the appellant.

*Samuel W. Williams, Attorney-General,* for the appellee.

CARDWELL, J., delivered the opinion of the court.

The will of Sidney R. Murkland, duly probated in the Circuit Court of Amherst county, after directing the payment of the testator's debts and two small legacies, contains this provision: "To 'Trustees State Hospital, Staunton, Va.,' where my son, Sidney Price Murkland, now is cared for, the entire balance of my property, real and personal, the increase from which to be used by said trustees for purchase extra comforts patients said hospital, for all time."

Shortly after the death of said testator a suit against his administrator *c. t. a.* was instituted in the Corporation Court of the city of Lynchburg by the Western State Hospital for the purpose of having the estate settled, and in that suit the remaining portion of Murkland's real estate, consisting of a farm situated in Amherst county, containing about 159 acres, was, under decree of the said court, sold to the Western State Hospital at the price of $17,025, of which sum the hospital paid in court $3,500, that amount being required to pay off the remaining indebtedness of Murkland's estate and the costs of suit and sale. In confirming said sale, the Corporation Court of Lynchburg, after reciting that the amount paid in cash by the hospital was more than sufficient to pay all the debts for which the said land was liable, and that the balance of the purchase money therefor "is under the will of S. R. Murkland, deceased, the property of said Western State Hospital," directed a deed of conveyance for the land to be made to the hospital by a special commissioner of the court, which was done on the 18th day of February, 1909, and the hospital has held the land ever since.

During the pendency of that suit, the General Assembly, by an act approved February 20, 1906, authorized and directed the special board of directors of the Western State Hospital, under the supervision and control of the

general board of directors of State hospitals for the insane, to erect "on said Murkland land," suitable buildings, etc., for the establishment of a colony for the reception, care, etc., of epileptic patients, to be taken from the State hospitals for the insane, or such epileptic patients as might be by law originally committed to such colony. No action having been taken under the act just mentioned, the General Assembly, at its next session, passed another act, approved March 12, 1908,·which provided that, if in the opinion of the general board of directors of State hospitals for the insane it should appear proper, the Western State Hospital should sell and convey the whole or any part of said "Murkland land, and with the proceeds of such sale purchase other lands in Amherst county 'for the purposes of said epileptic colony.' "

Pursuant to the authority conferred upon it by the last-mentioned act, the general board of directors of State hospitals for the insane, by resolution, directed the Western State Hospital to make sale of the "Murkland land," with a view to the application of the proceeds of sale to the establishment of the epileptic colony in contemplation; whereupon, the Western State Hospital filed its bill in this cause in the Circuit Court of the city of Richmond against the general board of directors of State hospitals for the insane, reciting the facts above stated, and charging that the "Murkland land" in the hands of the complainant stood impressed with a trust in favor of the inmates of the Western State Hospital as declared by the will of Sidney R. Murkland, deceased, under which the land was acquired, to the extent of $14,000; that the trusts declared in the will were clear, definite and legal; and that complainant was competent to execute said trusts, etc. The object of this bill was to have determined by judicial decision whether or not the General Assembly of Virginia had the power to enact the above-mentioned statutes authorizing the general

board of directors of State hospitals for the insane to divert the "Murkland land" from the purposes to which its owner by his will had dedicated and appropriated the proceeds from a sale of the land, to another and entirely different purpose and use.

The defendant board demurred to the bill, upon the ground that the suit was in effect one against the State, and is a suit by one branch or arm of the State government against another branch or arm of the State government; and, therefore, the Circuit Court of the city of Richmond was without jurisdiction to hear and determine the case. From a decree of the circuit court sustaining said demurrer and dismissing the bill, this appeal was taken.

The sole inquiry here is limited to the question of jurisdiction, and it is too well settled by the decisions of this court to admit of argument that the Circuit Court of the city of Richmond has no equity jurisdiction except such as is conferred upon it by statute. *Ragland* v. *Broadnax*, 29 Gratt. 401; *Blanton, Commissioner,* v. *So. F. Company,* 77 Va. 335. We have, therefore, to look only to the statutes of the State in the determination of the question presented.

It is insisted on behalf of the appellant that the Circuit Court of Richmond city had jurisdiction of the case, under either subdivisions 5 and 6 of section 3214 of the Code, or section 3216 of the Code. Certain it is that unless the jurisdiction contended for can be maintained under the one or the other of said statutes no other statute confers it.

Subdivisions 5 and 6 of section 3214, *supra,* refer only to cases in which the State is a party, or in which the governor, attorney-general, register of the land office, either of the auditors, or other public officers are necessarily defendants. Clearly, jurisdiction of the Circuit Court of Richmond city in this case is not there conferred, for the reason that if the suit could be taken as a suit by a governmental agency of the State—the Western State Hos-

pital—the statute does not confer jurisdiction on the said circuit court in the case of one agency of the State suing another agency of the State.  The special boards of the several State hospitals for the insane are expressly made by statute bodies corporate, and though the general board of directors of State hospitals for the insane, composed of the members of the special boards, collectively, is not expressly declared to be a body corporate, it is necessarily so by implication.  1 Dillon on Mun. Corp. (4th ed.), sec. 43.  So that we would have here one agency of the State impleading another agency of the State in a forum upon which the statute does not, either expressly or by implication, confer jurisdiction.  The only difference in the character of the two agencies is that the one is expressly made a body corporate, and the other only so by necessary implication.  Still, both are to be regarded as a public corporation, created and existing for purely governmental purposes, and as mere agencies of the State.  *Maia* v. *Western State Hospital,* 97 Va. 507, 34 S. E. 617, 47 L. R. A. 577; *Eastern State Hospital* v. *Graves,* 105 Va. 150, 52 S. E. 837, 3 L. R. A. (N. S.) 746.

Coming, then, to the consideration of section 3216, the only other section of the Code having any sort of bearing upon the question, we find that it merely provides that the actions to be brought under the fifth and sixth subdivisions of section 3214 shall be brought in the Circuit Court of the city of Richmond, and for the removal of causes to that court when pending or brought in other courts of the Commonwealth, etc., but was never intended to confer jurisdiction upon the Circuit Court of Richmond city in cases of the nature of the one we are considering.  While the general board of directors of State hospitals for the insane may very properly be regarded as a *quasi* corporation, and existing for purely governmental purposes, it cannot be brought within the category of *"public corporations*

*composed of officers of government, of the funds and property" of which the Commonwealth is sole owner,* referred to in subdivision 6 of section 3214 of the Code.

The grievances set out in appellant's bill consist of matters which might with force and effect be addressed to the legislative branch of our State government, but however much this court may be impressed with the reasoning, that the acts of the legislature of which we have spoken, and the action of the general board of directors of State hospitals for the insane taken pursuant to said acts, in effect diverts a well-defined trust of a charity from the purposes to which it had been dedicated, and appropriates it to another and entirely different use and purpose, the jurisdiction of the Circuit Court of Richmond city in this cause cannot be maintained when the statutes wholly fail to confer the jurisdiction.

It follows that the decree complained of must be affirmed.

*Affirmed.*