## CIRCUIT COURT OF THE CITY OF RICHMOND

City of Richmond
City Council

    v.

L. Douglas Wilder,
Mayor of the
City of Richmond, et al.

July 30, 2007

Case No. CL07-2426-4

BY JUDGE MARGARET P. SPENCER

This matter is before the Court on a demurrer raised by L. Douglas Wilder, Mayor of the City of Richmond, Tyrone Jackson, Ed. D., Director of Human Resources of the City of Richmond, and Harry E. Black, Acting Chief Administrative Officer ("Acting CAO") (collectively "Defendants"), to a Complaint for Declaratory Judgment brought against Defendants by Plaintiff, City Council of the City of Richmond. The Court has considered the pleadings and written memoranda filed by the parties, counsels' arguments, and applicable Virginia law. The demurrer is overruled.

### I. *Background*

On April 23, 2007, the Mayor notified the Council that a number of appointment it made to certain positions were void because the Council lacked the authority to make those appointments. (Compl. ¶ 6.) Specific to this action, the impacted employees included "the City Assessor (and through the

Assessor, his staff), Council Liaisons, Council Chief of Staff, Council Policy Analyst, Council Public Relations Specialist, Council Budget Analyst, and Director of Legislative Services" (collectively, "impacted employees"). (Compl. ¶ 1.)

On April 24, 2007, the Director notified the impacted employees they must reapply for their jobs and submit a letter of interest to remain in their jobs during the hiring process. (Compl. ¶ 8.) On April 30, 2007, the Acting CAO terminated the employment of the Director of Legislative Services, the only impacted employee who did not submit a letter of interest. (Compl. ¶ 11.)

## II. *Procedural History*

On May 10, 2007, the Council filed a Complaint for Declaratory Judgment, seeking the Court's declaration as to the powers and duties of the Council and the power and duties of the Mayor, the Director, and the Acting CAO under the City Charter of the City of Richmond with respect to the Council's appointment of the impacted employees. (Compl. ¶¶ 1-2.)

On May 31, 2007, Defendants filed a Demurrer to the Council's Complaint for Declaratory Judgment, arguing (1) the Council is not empowered to file suit and therefore lacks standing and (2) Defendants are immune from suit in connection with their official duties pursuant to the doctrine of sovereign immunity. (Demurrer ¶¶ 1-2.)

More specifically, Defendants first argue the Council is only authorized to bring suit in the name of the City. (Mem. in Supp. of Demurrer 1.) This suit is brought in the name of the "City Council of the City of Richmond," which, according to Defendants, is not a legal entity with the capacity to sue or be sued, rendering the suit a legal nullity. (*Id.*) In addition, Defendants claim the Council is improperly attempting to sue members of the executive branch because one part of a governmental entity cannot sue another part. (*Id.* at 2-3.) In response, the Council argues that, as Richmond's governing body, it has the authority to sue in its own name. (Mem. in Opp. to Demurrer 4.) Moreover, Council states Virginia courts have entertained cases in which one entity of the government sues another. (*Id.* at 7.)

Second, Defendants argue they are immune from suit for acts done pursuant to their official duties under the doctrine of sovereign immunity. (Demurrer ¶ 2.) In response, the Council argues the Virginia Code provides immunity to individual members of a local governing body, but it has no provisions granting immunity for local government officials such as Defendants. (Mem. in Opp. to Demurrer 8.) Moreover, Council claims,

Defendants acted outside the scope of their authority and their actions were therefore *ultra vires*. (*Id*. at 11.) Council states Defendants are thereby not afforded the protection of sovereign immunity. (*Id*. at 11-12.)

## III. *Analysis*

"The purpose of a demurrer is to determine whether a [complaint] states a cause of action upon which the requested relief may be granted." *Tronfeld v. Nationwide Mut. Ins. Co.*, 272 Va. 709, 712, 636 S.E.2d 447, 449 (2006). "A demurrer admits the truth of all properly pleaded material facts. All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading." *Id*. at 713, 636 S.E.2d at 449 (quoting *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997)). In other words, "[i]n reviewing a demurrer, a trial court must consider the pleadings in the light most favorable to the plaintiff and sustain the demurrer if it is clear that the plaintiff has not stated a valid cause of action." *Ogunde v. Prison Health Servs., Inc.*, 274 Va. 55, 645 S.E.2d 520 (2007) (citing *Sanchez v. Medicorp Health Sys.*, 270 Va. 299, 303, 618 S.E.2d 331, 333 (2005)). "A demurrer does not admit the correctness of the conclusions of law found in the challenged pleading." *Tronfeld*, 272 Va. at 713, 636 S.E.2d at 449.

## A. *Standing*

The demurrer is overruled on the issue of standing. The Council properly alleges it has the authority to bring the instant declaratory judgment action in its own name, City Council of the City of Richmond, as the "governing body of the City of Richmond" rather than in the name "City of Richmond." (Compl. ¶ 1.) *Board of Supervisors of Fairfax County v. Board of Zoning Appeals of Fairfax County*, 268 Va. 441, 446, 604 S.E 2d 7, 9 (2004).

Va. Code § 15.2-1404 states "[e]very locality may sue . . . in its own name." Va. Code § 15.2-1401 states "all powers granted to localities shall be vested in their respective *governing bodies*." The Council is the "governing body" of the City of Richmond, as that term is defined in Va. Code § 15.2-102. Section 4.02 of the City Charter also states "[a]ll powers vested in the City shall be exercised by the Council." Therefore, the authority of the City of Richmond to sue in its own name is vested in the City of Richmond's "governing body," the City Council of the City of Richmond.

The Virginia Supreme Court stated, albeit in dicta, that a "local governing board" may sue in its own name. "Va. Code § 15.2-1404 grants a local governing board [such as the Council] the broad power to institute actions *in its own name* with regard to `all matters connected with its duties'." *Board of Supervisors of Fairfax County*, 268 Va. at 446, 604 S.E.2d at 9 (emphasis added). This language supports the Council's contention it has the authority to sue in its own name as the "City Council of the City of Richmond."

*Board of Supervisors of Fairfax County* uses the term "local governing board," *id.* (emphasis added), and not "local governing *body*." The Court, however, can find no reasonable basis to support the contention that boards of supervisors should be permitted to sue in their own name, while city councils should not, as both are defined as local governing bodies in Va. Code § 15.2-102.

As stated by Defendants, the issue in *Board of Supervisors of Fairfax County* was whether the board was an aggrieved person with authority to challenge a decision of the zoning board. However, the Supreme Court of Virginia, in noting that a local governing body may sue in its own name pursuant to Va. Code § 15.2-1404, did not limit its statement to zoning board decisions. The Court further stated, "[o]ne legislative purpose manifested in this statutory grant is to enable the local governing body to ensure compliance with its legislative enactments, including its zoning ordinances." *Id.* The Court was concerned that precluding a local governing body from seeking judicial review of a decision by a zoning board would enable the board "to exercise power arbitrarily." *Id.*

Moreover, the Code of Virginia and Virginia case law do not limit whom the Council may sue. Nothing in the Code restricts the Council from bringing legal action against the Mayor or the other Defendants. There is no case law specifically addressing the issue of whether a city council may file suit against a mayor. There are however, a number of cases in which local governing bodies have brought legal action against a local executive branch official. The issue of the governing body's failure to sue in the name of the locality and the issue of whether the governing body could sue an executive branch official were not addressed.[1] See, e.g., *Board of Supervisors of Fairfax County*, 268 Va. 441, 604 S.E.2d 7 (2004) (governing body challenging the

---

[1] Notably, in a declaratory judgment action between two executive branch officials, the issue of whether one governmental entity had standing to sue another governmental entity was not raised, *Governor v. Attorney General*, 247 Va. 119, 439 S.E.2d 398 (1994).

BZA); *Wise County Bd. of Supervisors v. Wilson*, 250 Va. 482, 463 S.E.2d 650 (1995) (governing body sought declaratory judgment against county commissioner of revenue); *County Bd. of Arlington County v. County Manager of Arlington County*, 229 Va. 341, 329 S.E.2d 468 (1985) (governing body filed petition for writ of mandamus against county manager); see also *City Council of the City of Emporia v. Newsome*, 226 Va. 518, 311 S.E.2d 761 (1984) (voters and Board of Supervisors of Greensville County sued the City Council of the City of Emporia).

Courts in other jurisdictions, however, have held that legislative branch officials have standing to sue executive branch officials in declaratory judgment actions for the alleged unlawful exercise of executive branch power. See e.g., *Fordice v. Bryan*, 651 So. 2d 998 (Miss. 1995) (state legislators and state attorney general sued governor in declaratory judgment action alleging unconstitutional exercise of veto power).

Defendants cite *Western State Hosp. v. General Bd. of State Hosps.* for the Insane, 112 Va. 230, 70 S.E. 505 (1911), to support the claim that one governmental entity may not sue another governmental entity absent a specific statutory grant of authority. 112 Va. at 233-34, 70 S.E. at 506. *Western State* involved a suit between two governmental entities in the Circuit Court of the City of Richmond when that court was a court of limited jurisdiction. It was the only court in the Commonwealth having no chancery jurisdiction except in cases in which statutorily specified government officials or entities were named parties. *Ragland v. Broadnax*, 70 Va. (29 Gratt.) 401, 414 (1877). As stated in the opinion, the Circuit Court of the City of Richmond had "no equity jurisdiction except such as [was] conferred upon it by statute." *Western State*, 112 Va. at 233, 70 S.E. at 506. For this reason, the absence of a statutory basis, the Supreme Court in 1911 found a governmental entity could not sue another governmental entity in Richmond's Circuit Court. The Circuit Court of Richmond now has the same jurisdiction as other circuit courts in the Commonwealth and is no longer subject to those restrictions on its jurisdiction to bear cases between governmental entities. Thus, *Western State* is inapposite to the instant case.

*Fidelity & Deposit Co. of Md. v. Gill*, 116 Va. 86, 81 S.E. 39 (1914), cited by Defendants, is also not applicable to this case. In Fidelity, the plaintiff attempted to sue the county indirectly by filing suit against the county's board of supervisors. 116 Va. at 92, 81 S.E. at 42. The Court dismissed the board of supervisors from the case because the plaintiff failed to comply with the statute in effect at the time, which required a plaintiff to first present his claim to the board of supervisors prior to filing suit against the county. The board of supervisors, as the local governing body, was therefore not dismissed because

the plaintiff sued the board in its own name. *Id.* Accordingly, *Fidelity* dealt with the *process* in which a locality may be sued, not the name under which it · is sued.

*Stewart v. Thornton*, 75 Va. 215 (1881), is also not applicable to the instant case. In *Stewart*, the individual members of the county school board sued in their individual names rather than as the "School Board of Prince William County." 75 Va. at 217. In this case, the Council members are not suing in their individual capacities, but as the "City Council of the City of Richmond." The statute applicable to the individuals on the school board in *Stewart* stated they did not have authority to file a lawsuit. In this case, the Code expressly vests authority to file suit in the Council. Va. Code § 15.2-1401 ("[A]ll powers granted to localities shall be vested in their respective governing bodies.").

In *Hussein v. Miller*, 232 F. Supp. 2d 653 (E.D. Va. 2002), the court dismissed the plaintiff's claims against the "Office of the Commissioner of the Revenue" because it was a non-existent entity. 232 F. Supp. 2d at 656. Plaintiffs were employed by the Commissioner of the Revenue, not the Office. *Id.* In the instant case, however, the Council is an entity that exists and is vested with the powers of the City. Va. Code § 15.2-1401.

The case of *Harper v. City Council of the City of Richmond*, 220 Va. 727, 261 S.E.2d 560 (1980), cannot be distinguished from the instant case. In *City Council of the City of Richmond*, a statute dealing with the issuance of bonds allowed "[t]he governing body of any political subdivision . . . [to] bring at anytime a proceeding in any court of the . . . city. . . ." 220 Va. at 732, 261 S.E.2d at 563 (quoting Va. Code § 15.1-214 (1979)). In that case, the City Council filed such an action in its own name as "[t]he governing body" of the City of Richmond. *City Council of the City of Richmond*, 220 Va. at 731-32, 261 S.E.2d at 563. The current Virginia Code likewise gives the Council, as the governing body of Richmond, the power to sue. Va. Code §§ 15.2-1401, 1404. As in *City Council of the City of Richmond*, the Council in this case has filed such a suit in its own name.

In sum, the Council adequately alleges it has standing, and, as a matter of law, has standing to file the instant declaratory judgment action.

## B. *Sovereign Immunity*

The demurrer is also overruled on the issue of sovereign immunity. Defendants are not protected by sovereign immunity from the instant declaratory judgment action because Council's Complaint alleges the

Defendants' actions are *ultra vires*. At this stage, this allegation must be deemed truthful. *Tronfeld*, 272 Va. at 713, 636 S.E.2d at 449.

"As a general rule, the Commonwealth [and its municipal corporations are] immune from both actions at law for damages and from suits in equity to restrain governmental action or to compel such action." *Afzall v. Commonwealth*, 273 Va. 226, 639 S.E.2d 279, 282 (2007) (quoting *Alliance to Save the Mattaponi v. Commonwealth*, 270 Va. 423, 455, 621 S.E.2d 78, 96 (2005)).

Sovereign immunity does not apply only to bar tort actions. "Sovereign immunity may also bar a declaratory judgment proceeding against the Commonwealth," high level governmental officials, and lower level governmental employees who, in certain circumstances, are entitled to immunity. See *id.* (citing *Virginia Bd. of Med. v. Virginia Physical Therapy Ass'n*, 13 Va. App. 458, 413 S.E.2d 59 (1991), *aff'd*, 245 Va. 125, 427 S.E.2d 183 (1993)); see also *Messina v. Burden*, 228 Va. 301, 309, 321 S.E.2d 657, 661 (1984).

"There is very little debate regarding the extension of the doctrine to those who operate at the highest levels of the three branches of government. Governors, judges, members of state and local legislative bodies, and other high level governmental officials have generally been accorded absolute immunity." *Messina*, 228 Va. at 309, 321 S.E.2d at 661 (citing W. Prosser, *Handbook of the Law of Torts*, § 132 at 987-88 (4th ed. 1971)). "[O]n a case-by-case basis, the Court has [also] extended immunity to other governmental officials of lesser rank." *Id.*

Sovereign immunity, however, does not protect all acts by government actors. It "will not be extended to acts which constitute a wanton and intentional deviation from the duties the [agent of the city] has been assigned to undertake." *Tomlin v. McKenzie*, 251 Va. 478, 481, 468 S.E.2d 882, 884 (1916) (citing *James v. Jane*, 221 Va. 43, 53, 267 S.E.2d 108, 113 (1980)). One "of the critical factors in deciding whether a government employee is entitled to immunity is whether he was acting within or without his authority at the time of doing or failing to do the act complained of." *Messina*, 228 Va. at 311, 321 S.E.2d at 662. "Conduct outside the scope of the employment is not protected by sovereign immunity." *Tomlin*, 251 Va. at 482, 468 S.E.2d at 885 (citing *Messina*, 228 Va. 301, 311, 321 S.E.2d 657, 662 (1984)).

After making the determination that a lower level government employee was acting within the scope of his or her duties, the next step in the sovereign immunity entitlement analysis is to consider "the following: (1) the nature of the function performed by the employee; (2) the extent of the [city's] interest and involvement in the function; (3) the degree of control and direction

exercised by the [city] over the employee; and (4) whether the act complained of involved the use of judgment and discretion. *James v. Jane*, 221 Va. at 53, 267 S.E.2d at 11.3. The Court finds the Council adequately alleges Defendants' conduct was *ultra vires* and does not determine the issue of whether Defendants are lower level government employees requiring the *James v. Jane* analysis.

In the Complaint for Declaratory Judgment, the Council alleges "the City Code . . . expressly state[s] that Council, (not Defendants or the CAO), has the power to appoint qualified individuals to those positions" filled by the impacted employees. (Comp. ¶ 18.) The Council further alleges "the Mayor's Letter, the Director's Letter, and the Separation Notice exceed the authority delegated by the Charter to Defendants, making their actions with respect to the impacted employees contrary to law and in excess of the scope of their delegated powers." (Compl. ¶ 29.)

Defendants claim they are sued "in their official capacity" (with one exception) and, therefore, the Council cannot allege they were acting outside the scope of their authority to defeat sovereign immunity. This argument is circular and ignores the distinction between a person's status and a person's alleged acts. The acts exercised by an official, whether lawful or unlawful, do not negate the fact that the person performing the acts was an "official" or a "government actor." The Council's designation of the Defendants in their "official capacity" in the style of this action is a statement that the Defendants were officials, rather than private persons, when exercising the actions alleged in the Complaint. It is not a designation that those actions were proper or lawful. Indeed, the Complaint alleges the Defendants' acts were unlawful (Compl. ¶ 29), and therefore outside the scope of their governmental authority. The fact that one Defendant was sued in both his personal and official capacity is in conformity with the Council's claim in the Complaint that this particular Defendant's official status was void or unlawful when he performed the alleged unlawful actions.

*Pentecost v. Old Dominion Univ.*, 61 Va. Cir. 270 (Norfolk 2003), cited by Defendants, is not on point. In that case, the court overruled a demurrer of a lifeguard employed by an immune, state-run university because his conduct of letting minor children swim unsupervised "was arguably . . . conduct outside the scope of his employment." 61 Va. Cir. at 278.

*Alliance to Save the Mattaponi v. Commonwealth*, 270 Va. 423, 621 S.E.2d 78 (2005), is inapposite to the instant case. In *Alliance*, although our Supreme Court held that a high-level government official, namely the Executive Secretary of the Water Control Board, was entitled to sovereign immunity, the plaintiffs did not allege the Executive Secretary acted outside

the scope of his authority. 270 Va. at 455, 621 S.E.2d at 96. As such, that case is not helpful in deciding the case at bar, in which the Council has alleged the Defendants acted *ultra vires*.

The Council's Complaint states all Defendants acted outside the scope of their authority. It, therefore, contains allegations sufficient to withstand the Demurrer based on sovereign immunity. As such, the Demurrer is overruled. See, e.g., *Messina*, 228 Va. at 310-11.

## IV. *Conclusion*

In sum, the demurrer is overruled on the issues of standing and sovereign immunity. The Defendants shall file an Answer to the Complaint within twenty-one days of today's date.