## Richmond

### J. L. FRAY, ADM'R, ETC. v. COUNTY OF CULPEPER.

September 1, 1971.

Record No. 7437.

Present, All the Justices.

*Waller H. Horsley* ( *J. L. Fray; Hunton, Williams, Gay, Powell & Gibson; Fray & Hudson,* on brief), for plaintiff in error.

*John L. Jeffries, III, Commonwealth's Attorney for Culpeper County,* for defendant in error.

I'ANSON, J., delivered the opinion of the court.

On March 29, 1968, petitioner, J. L. Fray, administrator of the estate of Jackson Lee Fray, filed an application under Code § 58-1145 for relief of an allegedly excessive 1968 assessment of real property located on East Davis Street in the Town of Culpeper. After hearing the evidence ore tenus, the trial court sustained the assessment on the ground that the petitioner had "not carried the burden of proof and shown that the  * * * property was assessed at more than its fair market value." We granted petitioner a writ of error.

The record shows that the land in question was assessed at $2,360 and the buildings thereon at $7,000, for a total assessment of $9,360. It was the county's policy to assess all real property at 25% of fair

market value, and on that basis it is indicated that the county considered the fair market value of the property to be $37,440.

Petitioner's evidence showed that the fair market value of the property was between $16,500 and $17,000. The only evidence of true value introduced by the county was an appraiser's opinion that the property was worth "in the neighborhood of $25,000."

Petitioner says that even under the ratio assessment approach which existed here, property cannot be assessed without relation to its fair market value; and that the trial court erred in not determining such value and applying the 25% assessment ratio.

Under Code § 58-1145, an aggrieved property owner has the burden of showing that the assessment exceeded the fair market value of the property *or* lacked uniformity in its application.

Section 169 of the Constitution of Virginia requires that "all assessments of real estate * * * shall be at their fair market value * * *," and § 168 directs that "all taxes, whether State, local or municipal, shall be uniform upon the same class of subjects * * *."[1]

While the mandate of § 169 of the Constitution requires that all assessments shall be at their fair market value, we have consistently honored the breach of this rule by taking notice of the fact that most local taxing authorities apply a fixed multiple or percentage (25% here) to fair market value in order to arrive at assessed value. *City of Richmond* v. *Commonwealth*, 188 Va. 600, 625, 50 S.E.2d 654, 666 (1948); *Washington Bank* v. *Washington Co.*, 176 Va. 216, 218, 10 S.E.2d 515, 516 (1940).

The county's position, which was sustained by the trial court, is that since the assessment of $9,360 did not exceed the fair market value of the property, the constitutional directive had not been violated, and petitioner could challenge the assessment only on the ground of lack of uniformity. We find no basis for this position in our decisions.

In *Woman's Club* v. *City of Richmond*, 199 Va. 734, 738, 101 S.E.2d 571, 574 (1958), we said that where it is impossible to secure both the standard of true market value under the mandate of § 169 of the Constitution and the uniformity and equality required by § 168 of the Constitution, the latter requirement is to be preferred. But we further said, "that does not mean that property in any taxing jurisdiction may be assessed in excess of and without relation to its fair market value as required by the Constitution."

1. Now Art. 10, §§ 1 and 2, Const. of 1971.

Clearly, what was said in that case does not abrogate the constitutionally required relationship between fair market value and assessment value (where uniform ratios are applied) nor does the holding require that challenges to ratio assessments based upon an excessive fair market value be attacked only on a lack of uniformity theory.

Code § 58-1145 permits an aggrieved landowner to attack an assessment either on the ground of excessiveness or lack of uniformity. Here petitioner's claim is that the assessment is based on a value greatly in excess of the fair market value of the property. He does not allege or claim lack of uniformity, and that is not an issue here.

In *Bank* v. *Amherst County*, 204 Va. 584, 132 S.E.2d 721 (1963), and *Washington Bank* v. *Washington Co.*, *supra*, the petitioners, as here, attacked the assessments of their real property on the grounds that the assessments were based on figures greatly in excess of their fair market value.

In *Amherst County*, *supra*, the property involved consisted of two dams across the James River, one at Big Island and the other at Coleman Falls. The Big Island property was assessed at $12,800 and the Coleman Falls property at $18,432, both "supposed" to be 20% of the fair market value of the properties. On that basis the Coleman Falls property assessment projected a fair market value of $92,000. The court below upheld the assessments on both properties and dismissed the petition. We found from the evidence in the record before us that the fair market value of the Coleman Falls dam was no more than $10,000, and held that petitioners were "entitled to have the assessment of this dam reduced and made on a *basis* of $10,000 as its fair market value* * *." (Emphasis added.) 204 Va. at 589, 132 S.E.2d at 725. As to the Big Island property, the assessment failed to take into account the limited interest of the petitioner. The case was accordingly remanded for making a proper assessment on both parcels.

In *Washington Co.*, *supra*, the bank alleged that the assessment was far in excess of its fair market value. The trial court fixed the fair market value of the bank building at $75,000, and, after applying the local 25% ratio to that amount, assessed the property for tax purposes at $18,750. This court found, under the evidence presented, that the fair market value of the property was $50,000, and after applying the 25% assessment ratio held that the assessment should be $12,500.

In the instant case the county applied a uniform assessment ratio of 25% of the fair market value in arriving at the assessed value. The

$9,360 assessment therefore projected the fair market value of petitioner's property to be $37,440. While the $9,360 assessment itself is less than petitioner's own evidence of fair market value, under the constitutional mandate assessments must be made in relation to the fair market value of the property. The county's evidence did not show a fair market value of petitioner's property in excess of $25,000. When the 25% assessment ratio is applied to this latter figure, the assessment could not exceed $6,250. It was thus error for the court to conclude that petitioner had not shown that the assessment of the property was based on a value in excess of fair market value.

For the reasons stated, the order of the court below affirming the assessment is set aside and reversed, and the case is remanded for further determination of assessed value based upon a fair market value not to exceed $25,000.

*Reversed and remanded.*

SNEAD, C.J., dissenting.

The only issue in this case is whether the property was assessed at more than its fair market value. The record shows that the County assessed the property at $9,360. The record also shows that the petitioner's evidence established a fair market value of at least $16,500. One can readily see that the assessed value of $9,360 is not more than the admitted fair market value of $16,500. Yet, in effect, the majority has concluded that $9,360 is more than $16,500.

In arriving at their conclusion the majority relies upon *Bank* v. *Amherst County*, 204 Va. 584, 132 S.E.2d 721 (1963); *Woman's Club* v. *City of Richmond*, 199 Va. 734, 101 S.E.2d 571 (1958), and *Washington County National Bank* v. *Washington County*, 176 Va. 216, 10 S.E.2d 515 (1940). None of these cases, in my opinion, is controlling. In *Bank*, the assessed value of the property, unlike the assessed value of petitioner's property, was proven to be more than its fair market value. The same situation existed in *Woman's Club*. The *Washington County* case involved a question of uniformity, which is not an issue here.

The majority opinion holds that there is a constitutional mandate that "assessments must be made in relation to the fair market value of the property." I find no such mandate in the Constitution. Section 169 (now Article X, Section 2) in its pertinent part reads, "* * * all assessments of real estate * * * shall be at their fair market value * * *." This section requires that assessments be *at* fair market value, not that they be *in relation to* fair market value.

As the majority points out, this Court has permitted assessments at less than fair market value. But today, in a case where uniformity is not in issue, the Court holds that an assessment must be at less than fair market value. Since I find nothing in the Constitution, the statutes or our previous decisions that warrants such a holding, I respectfully dissent.

GORDON and COCHRAN, JJ., join in this dissent.