LINDA M. TURNER

v.

SHELDON D. WEXLER, D.P.M., P.C.

Record No. 911230

June 5, 1992

Present: All the Justices

*Allen T. Eaton (Jennifer E. Loud; Eaton, McClellan & Allen*, on brief), for appellant.
*William E. Artz (Dominique D. Michel*, on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

The primary issue we consider in this appeal is whether the filing of a notice of claim for medical malpractice, as defined by former Code § 8.01-581.1, against a professional corporation tolled the applicable statute of limitations.

Linda M. Turner filed the notice, dated May 13, 1988, against "Sheldon D. Wexler, D.P.M., P.C." The notice of claim alleged that Dr. Sheldon D. Wexler, a podiatrist, committed nine separate negligent acts or omissions during his care and treatment of her. Neither Turner nor "Sheldon D. Wexler, D.P.M., P.C." requested a review by a medical malpractice review panel.

Turner filed her motion for judgment against "Sheldon D. Wexler, D.P.M., P.C." on September 9, 1988. Turner alleged that "Sheldon D. Wexler, D.P.M., P.C." committed certain acts constituting medical malpractice on various occasions between May 15, 1986 and June 13, 1986. "Sheldon D. Wexler, D.P.M., P.C." filed a motion to dismiss Turner's motion for judgment on the basis that the case was barred by the two-year statute of limitations. "Sheldon

D. Wexler, D.P.M., P.C.'' argued that it was not a health care provider as defined by former Code § 8.01-581.1 and, therefore, that Turner's notice of claim for medical malpractice did not toll the two-year statute of limitations, which expired in June 1988, approximately eight weeks before her motion for judgment was filed.

One of the judges of the court below heard and denied a motion to dismiss. An order reflecting this ruling was never entered. On the morning before a scheduled trial on the merits, counsel for ''Sheldon D. Wexler, D.P.M., P.C.'' renewed the motion to dismiss. A different judge entered final judgment granting the motion to dismiss. We awarded Turner an appeal.

Turner argues that the trial court erred in granting the motion to dismiss. She contends that Sheldon D. Wexler, individually, and his professional corporation, ''Sheldon D. Wexler, D.P.M., P.C.,'' were so intertwined that the notice to the professional corporation constituted notice to Wexler and that ''the motion for judgment clearly identifies Dr. Wexler as an individual doctor of podiatry, not a corporate entity.'' Therefore, Turner asserts, the professional corporation should be deemed a ''health care provider'' as defined in former Code § 8.01-581.1. We disagree.

■ A litigant who asserts a claim against a ''health care provider'' must comply with the provisions of the Virginia Medical Malpractice Act, Code §§ 8.01-581.1, *et seq.* ''No action may be brought'' against a ''health care provider'' unless the claimant notifies the ''health care provider'' by filing a written notice of claim for medical malpractice. Code § 8.01-581.2. Once the notice of claim is properly given, the applicable statute of limitations is tolled ''for and including a period of 120 days from the date such statute of limitations would otherwise run, or 60 days following issuance of any opinion by the medical review panel, whichever is later.'' Former Code § 8.01-581.9.

■ Even though former Code § 8.01-581.1 was amended by the General Assembly in 1989 to include professional corporations and certain other legal entities within the definition of ''health care provider,'' we must construe this statute as it existed when Turner's cause of action arose. Former Code § 8.01-581.1 stated, in part:

> ''*Health care provider*'' means a person, *corporation, facility* or *institution licensed by this Commonwealth* to provide health care or professional services as a physician or hospital,

dentist, pharmacist, registered or licensed practical nurse, optometrist, podiatrist, chiropractor, physical therapist, physical therapy assistant, clinical psychologist or a nursing home as defined in § 54-900 of the Code of Virginia. . . .

(Emphasis added).

We have repeatedly stated the principles of statutory construction that we apply when a statute, such as former Code § 8.01-581.1, is clear and unambiguous.

> While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity. Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.

*Barr* v. *Town & Country Properties*, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting *Watkins* v. *Hall*, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)). *See also Grillo* v. *Montebello Condominium Owners Assoc.*, 243 Va. 475, 477, 416 S.E.2d 444, 445 (1992).

■ It is clear from the precise words contained in former Code § 8.01-581.1 that the definition of ''health care provider'' did not include a professional corporation. This former Code section specifically enumerated those individuals and entities which fell within the scope of the term ''health care provider'' and the General Assembly chose not to include professional corporations. Thus, the maxim *Expressio unius est exclusio alterius* is applicable here. This maxim provides that mention of a specific item in a statute implies that omitted items were not intended to be included within the scope of the statute. *Tate* v. *Ogg*, 170 Va. 95, 103, 195 S.E. 496, 499 (1938).

■ Additionally, as we stated in *Carter* v. *Nelms*, 204 Va. 338, 131 S.E.2d 401 (1963), ''[t]he question here is not what the legislature intended to enact, but what is the meaning of that which it did enact. We must determine the legislative intent by what the statute says and not by what we think it should have said.'' 204 Va. at 346, 131 S.E.2d at 406-07.

■ Furthermore, former Code § 8.01-581.1 required that a "health care provider" be licensed by this Commonwealth. The evidence submitted to the trial court included an affidavit which clearly indicated that the professional corporation, "Sheldon D. Wexler, D.P.M., P.C.," was not licensed by the Commonwealth to practice medicine. Rather, Sheldon D. Wexler, individually, was licensed to practice in this Commonwealth. *See Richman* v. *National Health Laboratories*, 235 Va. 353, 357, 367 S.E.2d 508, 510-11 (1988).

■ Therefore, we hold that Turner could not gain the benefit of the tolling provision contained in Code § 8.01-581.9 because the professional corporation, "Sheldon D. Wexler, D.P.M., P.C.," against whom she filed her motion for judgment, is not a "health care provider" as defined by former Code § 8.01-581.1.

■ Turner further argues, however, that the trial court's initial ruling that her claims were not barred by the statute of limitations became the law of the case and that "Sheldon D. Wexler, D.P.M., P.C." was bound by that determination. We disagree. A trial court is empowered to change a legal determination as long as it retains jurisdiction over the proceedings before it. Here, there is no question that the trial court retained jurisdiction over Turner's action and, hence, the court, albeit with a different judge presiding, had the power to change its earlier determination.

In view of our holding, we need not consider Turner's remaining assignments of error. Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*