## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Estes

v.

Tuazon et al.

June 24, 1992

Case No. (Law) CL910581

BY JUDGE DONALD H. KENT

This matter came before the Court upon motions filed by the plaintiff and the defendants. Upon hearing the argument of counsel and a review of the pleadings and authorities, the Court finds as follows.

I. *Plea of Statute of Limitations and Plea in Bar of Fairfax Hospital Systems, Inc.*

The defendant hospital complains that the notice of claim is insufficient, and new theories made in the motion for judgment are time-barred. The Court finds that the plaintiff is not required in her motion for judgment to provide a summary of all her evidence, nor is she required to outline all the theories of her case. Its purpose is to call the defendants' attention to the identity of the patient, the time of the alleged malpractice, and a description of the alleged acts of malpractice sufficient to enable the defendant to identify the case to which the plaintiff is referring. Applying this standard, the plea is overruled as to the defendant hospital and Dr. Chapman and sustained as to the defendant hospital and Dr. Tuazon.

II. *Plea in Bar of Alexandria Physicians Group, Ltd.*

The defendant professional corporation relies upon *Turner v. Wexler* [244 Va. 124] decided by the Virginia Supreme Court on June 5, 1992. The Court finds that the professional corporation was not a health care provider as defined by former Code § 8.01–581.1, that

the statute was not tolled by the filing of the notice of claim and is therefore time-barred.

III. *Motion to Strike Plaintiff's Identification of Expert Witnesses*

The defendants, Donald Chapman, M.D., and Alexandria Physicians Group, Ltd., have moved to strike the plaintiff's Identification of Experts. This motion is denied, but plaintiff is ordered to furnish to the defendants the names, addresses, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion no later than July 10, 1992.