## CIRCUIT COURT OF FAIRFAX COUNTY

Ray

v.

INOVA Health System Hospitals et al.

January 4, 1994

Case No. (Law) 127228

BY JUDGE QUINLAN H. HANCOCK

This matter is before the Court on Defendant's ("the Hospital's") demurrer to the motion for judgment. For the reasons stated below, the Court overrules the demurrer.

This is a medical malpractice case. Plaintiff alleges in her motion for judgment that she was injured in early November of 1991 due to the negligence of the Hospital in not insuring that she was adequately "restrained or monitored" while she was a patient at the Hospital. It is undisputed that Plaintiff did not serve a Notice of Claim on the Hospital prior to filing her motion for judgment on October 14, 1993.

The sole issue for the Court to consider on demurrer is whether Plaintiff was required to serve such a Notice or Claim prior to filing a motion for judgment. Prior to the 1992 amendments to the Code of Virginia, Va. Code § 8.01-581.2(A) required a claimant to notify a health care provider of a claim, via registered or certified mail, not later than 90 days prior to the filing of any motion for judgment on the claim. Effective July 1, 1993, Va. Code § 8.01-581.2 eliminated this requirement. The Hospital asserts, however, that the 1993 amendments do not apply retroactively to causes of action accruing prior to the adoption of the amendments. In effect, the Hospital's argument is that although the motion for judgment was filed several months after the amendments went into effect, Plaintiff's cause of action accrued prior to the adoption of the amendments, and thus Plaintiff is bound by the law as it existed at that time. The Court disagrees.

Va. Code § 8.01-581.2, as amended, applies to this cause of action. The Hospital's arguments in the area of retroactivity, while well-briefed and argued, are distinguishable from the instant case. It is true, for example, that the Virginia Supreme Court recently held, in *Turner v. Wexler*, 244 Va. 124, 418 S.E.2d 884 (1992), that an amendment to Va. Code § 8.01-581.1, a related provision of the Medical Malpractice Act, could not be applied to causes of action accruing prior to the date of the amendment of the statute. The Supreme Court, however, did *not* hold that all amendments to the Medical Malpractice Act are prospective only. The gravamen of the *Turner* case involved a 1989 change in the definition of the term "health care provider," an amendment which had a significant impact upon who could be sued in a medical malpractice action, a clear alteration of a material substantive right of prospective litigants.

In the instant case, any "right" affected is purely procedural or at the very least of *de minimis* impact in terms of substantive rights.[1] Under Va. Code § 8.01-581.2, as amended, Defendant can still request a medical malpractice review panel; it is the procedure for requesting it and the time requirements which have changed.[2] The language of Va. Code § 8.01-1 is of interest:

> [A]ll provisions of this title shall apply to causes of action which arose prior to the effective date of any such provisions; pro-vided, however, that the applicable law in effect on the day before the effective date of the particular provisions shall apply if in the opinion of the court any particular provision (i) may materially change the substantive rights of a party (as distin-guished from the procedural aspects of the remedy) or (ii) may cause the miscarriage of justice.

---

[1] The Virginia Supreme Court has previously held that substantive rights are "included within that part of the law dealing with creation of duties, rights and obligations, as opposed to procedural or remedial law, which prescribes methods of obtaining redress or enforcement of rights." *Shiflet v. Eller*, 228 Va. 115, 319 S.E.2d 750 (1984).

[2] The Court is not persuaded by the Hospital's assertion that by denying a health care provider the opportunity to have a medical malpractice review panel decide on the merits of a claim prior to the filing of a lawsuit, the amendment to the statute materially affects a substantive right of a party or prospective litigant. A Defendant may still opt for a panel before even filing a responsive pleading in a suit because once a party elects a panel, all proceedings are stayed. Va. Code § 8.01-581.2. In addition, discovery is still allowed; only the timing has changed. Va. Code § 8.01-581.3:1.

The Court believes that this language clearly evinces the intent of the legislature in terms of amendments to provisions of Title 8.01 of the Code of Virginia as well. If the change is procedural only, or not a material change in the substantive rights of any party or prospective litigant, then the law to be applied is the law in effect as of the date of the filing of the motion for judgment.

In addition, the Court agrees with Plaintiff's assertion that since the prior version of the statute was in derogation of the common law, it must be strictly construed and may not, absent express language to the contrary, be applied past the date it was repealed. *See, e.g., Hyman v. Glover*, 232 Va. 140, 348 S.E.2d 269 (1986). Prior to its amendment, Va. Code § 8.01-581.2 contained a notice requirement which was in derogation of the basic common law right to sue another party without giving notice. The amended statute contains no such provision, and to require notice — and in effect to extend the notice requirement of the previous incarnation of the statute — would extend the statute's effect beyond its express terms and result in manifest injustice.

For all of the foregoing reasons, the Hospital's demurrer is overruled.