Present: All the Justices

WISE COUNTY BOARD OF
SUPERVISORS

v.  Record No. 950223   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                      November 3, 1995
DELMER WILSON, AS
COMMISSIONER OF REVENUE

FROM THE CIRCUIT COURT OF WISE COUNTY
William C. Fugate, Judge

In this appeal, we consider whether the assessment ratio for computing merchants' capital tax under Code § 58.1–3509[*] is fixed by the local governing body or by the commissioner of the revenue. The specific question before us is whether the trial court erred in dismissing a motion for declaratory judgment filed by the Wise County Board of Supervisors (the Board), which asked the court to declare that the Board, as the local governing body, has the sole authority to set the assessment ratio.

In its motion for declaratory judgment, the Board alleged that Delmer Wilson, Jr., Commissioner of the Revenue for Wise County (the Commissioner), is required to apply the tax rate and the assessment ratio set by the Board to the fair market value of the inventory he assesses. In fiscal years 1993 and 1994, Wilson refused to implement the assessment ratio established by the

_____

[*]Code § 58.1–3509 provides that "[t]he capital of merchants is segregated for local taxation only. However, no rate or assessment ratio in any county, city or town for merchants' capital shall be greater than such rate and ratio as was in effect in such county, city or town on January 1, 1978."

Board, asserting that he, not the Board, had the statutory authority to fix the ratio. This impasse formed the basis for the Board's request for declaratory judgment relief.

The trial court did not hear evidence in the case and entered its ruling, as a matter of law, based on the parties' pleadings. This appeal followed.

The Board argues that, since the power to tax is given only to legislative bodies, it, rather than the Commissioner, has authority under the Virginia Constitution to establish the assessment ratio for merchants' capital tax. The Board contends that fixing the assessment ratio is an essential component of its authority to tax merchants' capital, because it enables the Board to adjust revenue while operating within the limits of Code § 58.1-3509.

In response, the Commissioner contends that the assessment ratio is not part of the levy of taxes. He contends that he is required to fix the assessment ratio in order to fulfill his statutory duty to establish the value of merchants' capital. We disagree with the Commissioner.

The assessment ratio for merchants' capital taxation is the ratio of assessed value to fair market value of the property. See BLACK'S LAW DICTIONARY 117 (6th ed. 1990). In determining whether the Board or the Commissioner has the authority to fix this ratio, we first review the duties of each office with respect to the imposition of taxes.

The levying of taxes is a legislative function. Article VII, § 7 of the Virginia Constitution provides that "[n]o ordinance or resolution . . . imposing taxes . . . shall be passed except by a recorded affirmative vote of a majority of all members elected to the governing body." Article VII, § 2 and Article X of the Virginia Constitution authorize the General Assembly to empower local governing bodies to levy local taxes. The General Assembly exercised this authority in Code § 58.1-3001, which provides that "[t]he governing body of each county shall . . . fix the amount of the county and district taxes for the current year."

As the local governing body, the elected Board is the constitutionally authorized taxing body of Wise County. See Va. Const. art. VII, § 7; County of Sussex v. Jarratt, 129 Va. 672, 684, 106 S.E. 384, 387 (1921). Moreover, no entity other than an elected governing body may levy taxes. Va. Const. art. VII, § 7; see Wright v. Norfolk Electoral Bd., 223 Va. 149, 152-53, 286 S.E.2d 227, 228 (1982).

The authority of commissioners of the revenue to assess the value of merchants' capital is inherently different from the taxing authority of local governing bodies. The assessment process that the commissioners conduct is a quasi-judicial function, which consists of making a list of the taxpayers' property, fixing its valuation, and applying the tax levy set by the local governing body. See Jarratt, 129 Va. at 684-85, 106

S.E. at 387-88. The assessment itself is simply a valuation placed on a particular item for tax purposes. Cross v. City of Newport News, 217 Va. 202, 203 n.1, 228 S.E.2d 113, 114 n.1 (1976).

Commissioners of the revenue may assess personal property only in response to a properly ordered levy by the elected body and are prohibited from making any levy of their own. See Jarratt, 129 Va. at 690, 106 S.E. at 672. Subject to this limitation, commissioners may choose their procedures for determining values, provided that they meet the requirement of equality and uniformity. See Cross, 217 Va. at 206-07, 228 S.E.2d at 116-17.

Code § 58.1-3109 enumerates the specific responsibilities of commissioners of the revenue with respect to personal property, but does not specify a duty to establish assessment ratios. Thus, the maxim expressio unius est exclusio alterius is applicable here. This maxim provides that, when a statute mentions specific items, an implication arises that items not present were not intended to be included within the scope of the statute. Turner v. Wexler, 244 Va. 124, 127, 418 S.E.2d 886, 887 (1992). Here, therefore, the omission of an enumerated duty to fix the assessment ratio raises an implication that the General Assembly did not intend that commissioners of the revenue have this authority.

Merchants' capital is subject to local taxation only. Code

- 4 -

§ 58.1-3509.  The assessment ratio is an integral part of the tax levy because, together with the tax rate, it is applied to the assessment to establish the taxpayers' total liability.  <u>See generally</u> <u>Fray v. County of Culpeper</u>, 212 Va. 148, 150-51, 183 S.E.2d 175, 177-78 (1971).  Thus, as part of the levy, the setting of the assessment ratio is a legislative function.

Finally, we note that, if the Commissioner had the authority to fix the assessment ratio, the Board would not be able to exercise fully its implicit authority under Code § 58.1-3509, as the local governing body, to adjust the level of taxation on merchants' capital.  Such a result would violate Article VII, § 7, because it effectively would impair the Board's authority to levy local taxes.  <u>See</u> <u>Jarratt</u>, 129 Va. at 685, 106 S.E. at 388. Thus, we conclude that the Board, rather than the Commissioner, has the authority to determine the assessment ratio for merchants' capital tax.  <u>See</u> Va. Const. art. VII, §§ 2 and 7; Va. Const. art. X; Code §§ 58.1-3001 and -3509.

For these reasons, we will reverse the trial court's judgment and enter final judgment in favor of the Board declaring that the Board has the sole authority to fix the assessment ratio for merchants' capital taxation.

<u>Reversed and final judgment</u>.