## CIRCUIT COURT OF MONTGOMERY COUNTY

Jessica R. Cox,
by her parent
and next friend,
Tracy Cox

    v.

Kenneth Jones,
Christiansburg Family
Practice Associates,
Irving B. Elkins,
William W. King, and
Urology Associates of New River Valley

March 1, 1996

By Judge Ray W. Grubbs

Jessica R. Cox, by her parent and next friend, Tracy Cox, filed this medical malpractice suit against Kenneth Jones, M.D., Christiansburg Family Practice Associates, a partnership of which Dr. Jones was a partner, Irving B. Elkins, M.D., William W. King, M.D., and Urology Associates of the New River Valley, a professional corporation, by whom Dr. Elkins and Dr. King were employed.

The alleged malpractice occurred prior to the inclusion of professional corporations and partnerships within the statutory definition of "health care provider" under Code § 8.01-580.1, as amended in 1989 and 1991, respectively.

Defendants have demurred to the *ad damnum* claim of plaintiff's motion for judgment because the damages sought exceed the $1,000,000 medical malpractice cap.

When this cause of action arose, "health care provider" was defined as follows:

"Health care provider" means a person, corporation, facility, or institution licensed by this Commonwealth to provide health care or professional services as a physician or hospital, dentist, pharmacist, registered or licensed practical nurse, optometrist, podiatrist, chiropractor, physical therapist, physical therapy assistant, clinical psychologist, or a nursing home as defined in § 54-900 of the Code of Virginia except those nursing institutions conducted by and for those who rely upon treatment by spiritual means alone through prayer in accordance with a recognized church or religious denomination, or an officer, employee or agent thereof acting in the course and scope of his employment.

The Supreme Court has held in *Turner v. Wexler*, 244 Va. 124, 184 S.E.2d 886 (1992), that a professional corporation was not a "health care provider" as defined in former Code § 8.01-581.1. Even though the statute has subsequently been amended to include professional corporations, the Court concluded that the code section must be construed as it existed when the plaintiff's cause of action arose.

In the decision above, the Supreme Court cited *Richman v. National Health Laboratories*, 235 Va. 353, 367 S.E.2d 508 (1988), wherein the Court held that a laboratory was not a "health care provider" under the statutory definition, as it then existed. The Court noted that laboratories were not included in the list of persons and facilities named in the statute, nor were laboratories licensed by the Commonwealth. As the lab is not licensed, it cannot be a "health care provider" as defined. Further, there is nothing to suggest, by implication, that professional corporations should have been included in the statute. As the Supreme Court said, "We take the statute as written."

By analogy, a partnership was not a "health care provider" as defined in former Code § 8.01-581.1. It was neither listed amongst the persons and facilities named therein, nor could it be included by implication. Too, a partnership was not licensed by the Commonwealth to provide health care or professional services as a physician.

The amendments of 1989 and 1991, wherein professional corporations and partnerships were included within the statutory definition of "health care provider" do not apply retroactively.

Christiansburg Family Practice Associates and Urology Associates suggest that the principles of agency law establish that these defendants, as

principals, have no greater liability than the health care provider, as agent, thus subject to the $1,000,000 cap.

In *Gressman v. Peoples Drug Stores*, 10 Va. Cir. 397 (1988), the trial court rejected the argument that a principal could have no greater liability than its agent. The Court therein stated that some form of protection of an agent does not necessarily protect the principal. The Court notes the letter opinion of the Honorable F. Bruce Bach in *Nevitt v. Virginia Heart Surgery Associates, P.C.*, at Law No. 109236, wherein the Court stated, "The Court finds that traditional rules regarding the liability of a principal, for acts of the agent, are not applicable where the legislature has created an artificial ceiling on the amount of recovery against certain enumerated health care providers in medical malpractice cases."

For these reasons, the Court concludes that the defendant, Christiansburg Family Practice Associates, and the defendant, Urology Associates of New River Valley, are not "health care providers" as defined by the statute in effect at the time of the alleged malpractice, nor do the traditional rules of agency law prevail; therefore, the cap does not apply to them. The law in effect at the time this cause of action arose did not include a "cap" as to recovery.

The demurrer is overruled.

With regard to the issue of discoverability of a document prepared by Dr. William Clark who has been withdrawn as a trial expert witness on behalf of Dr. Elkins, Dr. King, and Urology Associates, the Court finds such document to be nondiscoverable under the stipulations and arguments reviewed herein.