124

## CIRCUIT COURT OF THE CITY OF RICHMOND

SDG Development Co., L.P.

v.

Watkins Land, L.L.C.

July 25, 2002

Case No. LM-1622-1

By Judge T. J. Markow

This case is before the court on a Motion for Judgment filed by SDG Development Co. Plaintiff alleges that Watkins Land, L.L.C., defendant, breached the option contract signed by the parties by failing to refund $75,000 owed under contract's refundability clause. Defendant denies that a breach occurred and claims that no refund is owed because the plaintiff terminated the contract and upon termination there are no further rights under the contract. The parties appeared, evidence was presented, and arguments were heard.

Briefly, on or about November 1, 1999, the parties entered into an contract providing plaintiff with an option to purchase defendant's land. The contract states that the option was purchased by plaintiff for $125,000. The contract contains a schedule detailing points at which portions of the $125,000 would be non-refundable. In pertinent part, the contract states the:

Option Payment shall become non-refundable in the following amounts and upon the following conditions:
a. If not sooner rendered non-refundable by Section B.3.c. below, $25,000 of the Option Payment shall become non-refundable ... after

Seller satisfies Seller's Initial Obligation set forth in Section F.1.a. herein; and....

c. Regardless of whether the conditions in Sections B.3.a and B.3.b. have been satisfied, not less that $50,000 in the aggregate of the Option Payment shall become non-refundable not later than the later of (i) June 30, 2000, or (ii) the date the Six-Year Improvement Program for fiscal year 2000-2001 (the "Program") is adopted by the Commonwealth Transportation Board.... and the balance of the Option Payment shall become non-refundable not later than June 30, 2001.

The option contract further provides in Section C.1 that when the Buyer notifies Seller in writing of the intent to terminate the agreement prior to exercising the option, the "agreement shall automatically terminate and the parties shall have no further rights or obligations hereunder except as provided in Paragraph N." Elsewhere in the contract, specific rights of both the buyer and seller are detailed as well as specific obligations.

Defendant fulfilled its Initial Obligations and thus rendered $25,000 of the Option Payment non-refundable. The Commonwealth Transportation Board adopted the Six-Year Improvement Program for fiscal year 2000-2001 and thus rendered an aggregate of $50,000 of the Option Payment non-refundable.

By letter dated March 21, 2001, Plaintiff terminated the contract and requested a refund of the remaining $75,000. Defendant refused to refund the $75,000. Plaintiff filed the present Motion for Judgment alleging defendant breached the option contract by failing to refund the $75,000.

Defendant argues that, because the contract provides that upon termination of the contract "the parties shall have no further rights or obligations," any right plaintiff may have to a refund is also terminated.

In construing a contract, the court will construe clear and unambiguous terms of the contract according to their plain meaning. *American Spirit Ins. Co. v. Owens*, 261 Va. 270, 275, 541 S.E.2d 553 (2001). Additionally, the court "will not insert by construction, for the benefit of a party, a term not express in the contract." *Lansdowne Devel. Co. v. Xerox Realty*, 257 Va. 392, 400, 514 S.E.2d 157, 161 (1999). Finally, the court will "construe the contract as a whole, without giving emphasis to isolated terms." *Id.* at 401.

When there are seemingly conflicting provisions in a contract, "any apparent inconsistency between a clause that is general and broadly inclusive in character and a clause that is more specific in character should be resolved in favor of the latter." *Chantilly Constr. v. Department of Transp.*, 6 Va. App. 282, 294, 369 S.E.2d 438 (1988), *citing Mutual Life Ins. Co. v. Hill*, 193 U.S. 551, 558, 48 L. Ed. 788, 24 S. Ct. 538 (1904). In the case at bar, the option

contract in Sections A, F, G, and N explicitly creates specific rights and obligations of the parties. Section C.1 of the option contract provides that, upon termination of the contract, the parties shall have "no further rights and obligations." Applying the above principle, Section C.1 must be construed to apply to those specific rights and obligations detailed in the contract. Therefore, Section C.1 will not be construed to apply generally to provisions not labeled "rights" or "obligations."

Further, "a well-recognized rule of statutory construction, *expressio unius est exclusio alterius*, provides that the mention of a specific item in a statute implies that other omitted items were not intended to be included within the scope of the statute." *E. I. du Pont de Nemours and Co. v. Eggleston*, 264 Va. 13, 563 S.E.2d 685 (2002), *citing Smith Mountain Lake Yacht Club v. Ramaker*, 261 Va. 240, 246, 542 S.E.2d 392, 395 (2001); *Commonwealth v. Brown*, 259 Va. 697, 704-05, 529 S.E.2d 96, 100 (2000); *Board of Supervisors v. Wilson*, 250 Va. 482, 485, 463 S.E.2d 650, 652 (1995); *Turner v. Wexler*, 244 Va. 124, 127, 418 S.E.2d 886, 887 (1992). While this principle is usually applied in statutory construction, it applies to contract interpretation as well.

Applying this principle, the mention in the option contract of specific circumstances under which portions of the Option Payment will become non-refundable necessarily excludes any other instance in which the Option Payment would be non-refundable. Had the parties intended to preclude refundability of any portion of the Option Payment upon termination, the language of the contract would have explicitly indicated that intent.

Finally, the contract must be construed in a manner so as not to render meaningless any portion of the contract if a reasonable meaning can be given. *Westmoreland-LG&E Partners v. VEPCO*, 254 Va. 1, 486 S.E.2d 289 (1997). Moreover, the court must interpret the contract consistently with intent plainly declared by the written language. *Lenders Fin. Corp. v. Talton*, 249 Va. 182, 190, 455 S.E.2d 232, 237 (1995).

Defendant's interpretation of the option contract renders the refundability schedule worthless. Because the contract separately provides for remedies in the event of default of either party, there is no circumstance in which the contract would come to an end before completion other than in the case of termination. Thus, under the defendant's interpretation, there would be no circumstance in which the Option Payment would be refundable in part or in whole. As such, interpreting Section C.1 as precluding any refund upon termination regardless of the time of termination invalidates the entire refundability portion of the contract. Therefore, if there is no refund available

upon termination in any case, Section B.3 is rendered meaningless under defendant's interpretation.

For the foregoing reasons, the court finds that Section B.3 of the option contract provides for a refund of $75,000 pursuant to plaintiff's termination of the contract prior to June 30, 2001. Defendant therefore breached the contract by failing to refund the $75,000.

It is therefore ordered that the Motion for Judgment filed by SDG Development Co., L.P., is hereby sustained. Plaintiff is hereby awarded damages in the amount of $75,000 plus interest and costs.